UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GULF SOUTH PIPELINE COMPANY, LP** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER  05-2542** |
| **MARITECH RESOURCES, INC., ET AL.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Petsec Energy, Inc.'s Motion for Summary Judgment (Rec. Doc. 15).[1] The Court heard oral argument and took this motion under submission.  For the following reasons, Petsec's motion is now GRANTED.

**I.      BACKGROUND**

The Plaintiff in this case, Gulf South Pipeline Company, LP ("Gulf South"), is the successor-in-interest to United Gas Pipe Line Company.  United was, and Gulf South now is, the owner of a 16" pipeline that is used to transport natural gas from the Outer Continental Shelf ("OCS") to a 42" main line, which in turn runs from West Cameron Block No. 342 to onshore Louisiana.  Gulf South's lateral line was built in 1978 and is approximately four miles long.

Two of the Defendants in this case, Maritech and Petsec, operate offshore natural gas production facilities on the OCS.  Gulf South alleges that Maritech transported gas through its pipeline between April 2001 and December 2002, and that Petsec began transporting gas through its line in 2003.

---

[1] The motion was originally filed jointly by Petsec and Maritech Resources, Inc. ("Maritech").  However, the Plaintiff's claims against Maritech have been settled.

1

United Gas was, and Gulf South is, the holder of a certificate of public convenience and necessity to own and operate the lateral line under the Natural Gas Act and regulations of the Federal Energy Regulatory Commission ("FERC").  Pursuant to its tariff, FERC authorized Gulf South to charge certain just and reasonable rates for transportation and/or the gathering of natural gas through its interstate natural gas pipeline systems, including the authority to charge a just and reasonable rate for the transportation and/or gathering of gas through the lateral line.

Gulf South filed suit on June 22, 2005, alleging that Maritech and Petsec transported natural gas through its lateral line without its knowledge and without paying for the use of the pipeline.  Gulf South alleges that the Defendants failed to submit transportation nominations or report such transportation through the line to Gulf South as required under its tariff.  As a result, Gulf South seeks to recover damages from Maritech and Petsec for their unauthorized use of the lateral line.  Gulf South asserts breach of contract, unjust enrichment, and trespass/tort claims against these Defendants.

In November of 2006, Gulf South amended its complaint to name six additional entities as defendants.  These additional defendants allegedly purchased gas from Maritech and Petsec that was shipped through Gulf South's pipeline.  In addition, Petsec has filed a third-party complaint against Triangle Oil & Gas, Inc. given Triangle's ownership interest in the gas that was transported.

## II.     PRESENT MOTION

Petsec now moves for summary judgment and asks the Court to dismiss Gulf South's claims against it.  Petsec argues that Gulf South has sued the wrong party, and that it is not responsible for paying Gulf South the tariff fees sought in this matter.  Indeed, Petsec contends

that by the time its gas entered Gulf South's pipeline system, title of the gas had already been transferred to various purchasers of the production, and thus that it did not own the gas that went through Gulf South's pipeline. Accordingly, Petsec argues that Gulf South must proceed against the purchasers to recover any tariff that may be due.

In its opposition, Gulf South abandons its contract and tort/trespass claims. However, Gulf South argues that it has stated a claim against Petsec for unjust enrichment. Specifically, Gulf South argues that the purchase contracts between Petsec and the various purchasers provided that Petsec would bear all transportation costs associated with shipment of the gas through Gulf South's lateral line. Gulf South argues that the gas purchasers therefore did not deduct the shipment costs from the price of the gas (as is the general practice), and instead paid this money to Petsec. Lastly, Gulf South notes that Petsec prepared the invoices to the purchasers in this case.

For purposes of this motion, Petsec admits that it has been paid these monies, but that Gulf South nevertheless cannot state a claim for unjust enrichment because it has an adequate remedy at law against the purchasers.

## III.   LAW & ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the defendant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As noted, Gulf South has presented no arguments in support of its contract and tort/trespass claims. Accordingly, the Court will only address Gulf South's unjust enrichment claim.

A claim for unjust enrichment is founded in equity. Article 2298 of the *Louisiana Civil Code* provides that "a person who has been enriched without cause at the expense of another

person is bound to compensate that person." In *Roberson Advertising Serv., Inc. v. Winnfield Life Ins. Co.*, 453 So. 2d 662 (La. Ct. App. 1984), the court addressed the necessary elements of an unjust enrichment claim: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) absence of legal justification for the enrichment and impoverishment, and (5) an absence of a remedy at law.

Although Petsec admits that it has been enriched, it argues that Gulf South has not been impoverished and therefore cannot state a claim for unjust enrichment. Indeed, when a debtor mistakenly pays a third party instead of his creditor, the creditor does not have a right of action against the erroneous recipient, but is limited to recovery from his debtor. *See Win Oil Co., Inc. v. UPG, Inc.*, 509 So. 2d 1023, 1026 (La. Ct. App. 1987) ("Unjust enrichment is not applicable because, although Decker & Associates has been enriched, Win Oil has not been impoverished. Win Oil remains a creditor of and entitled to be paid by UPG, and there is no indication that UPG cannot satisfy the judgment against it."); *see also Sanity v. Pitre*, 591 So. 2d 1245 (La. App. 5 Cir. 1991) ("Payment to a wrong person does not generally diminish what is owed to a creditor.").

There is no dispute in this case that the purchasers bought the gas at the wellhead, prior to it being shipped through Gulf South's pipeline. There is also no dispute that the purchasers paid the transportation tariff to Petsec, and not to Gulf South. As in *Win Oil*, unjust enrichment is not applicable here because although Petsec has been enriched, Gulf South has not been impoverished. "[Gulf South] remains a creditor of and entitled to be paid by [the purchasers], and there is no indication that [the purchasers] cannot satisfy [a] judgment." *Win Oil*, 509 So. 2d at 1026. Indeed, Gulf South has asserted claims against the purchasers in this litigation.

Moreover, even if Gulf South's claims against the purchasers are ultimately prescribed, this does not render Gulf South impoverished, as it had an adequate remedy at law at one time.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petsec's motion for summary judgment is GRANTED and that Gulf South's claims against Petsec are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this  16th  day of   March  , 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE